IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AARON THOMPSON                  :        CIVIL ACTION
                                :
            v.                  :
                                :
R.E. BRITTON, et al.            :        NO. 06-cv-02701-JF

MEMORANDUM AND ORDER

Fullam, Sr. J.                                    June 28, 2006

        In his *pro se* complaint, plaintiff alleges that he was
subjected to random urinalysis testing which purported to establish
that he had consumed illegal drugs (TCH); that the defendants (all
of whom are prison officials at SCI-Houtzdale and SCI-Cresson)
thereafter repeatedly required him to undergo urinalysis testing,
and imposed discipline when the tests were returned as "positive"
for the use of illegal drugs.  In the memorandum of law
accompanying his *pro se* complaint, plaintiff seems to be of the
view that, whereas "random" drug testing of prison inmates is
perfectly acceptable, "investigatory" testing followed by
disciplinary action is a violation of his constitutional rights.

        While it seems clear that plaintiff's complaint is
legally frivolous, I decline to rule on the merits of the case at
this stage.  Since all of the defendants are located in the Western
District of Pennsylvania, and since all of the alleged violations
occurred in that District, it is obvious that this court lacks
personal jurisdiction over any of the defendants, and that, if
plaintiff wishes to pursue his claims, he must do so in the Western
District of Pennsylvania.  An Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AARON THOMPSON               :        CIVIL ACTION
                             :
        v.                   :
                             :
R.E. BRITTON, et al.         :        NO. 06-cv-02701-JF

ORDER

AND NOW, this 28th day of June 2006, IT IS ORDERED:

1.    Plaintiff's motion to Proceed *in forma pauperis* is DENIED, without prejudice.

2.    This action is DISMISSED, without prejudice to plaintiff's right to reassert his claims in the United States District Court for the Western District of Pennsylvania, where venue would be appropriate under 28 U.S.C. § 1391(b), if plaintiff wishes to proceed.

3.    The Clerk is directed to return to the plaintiff all of the extra copies of his *pro se* complaint, together with a copy of this Order.

4.    The Clerk shall close this case statistically.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.

2